JUDGE OLIVER

**MAG. JUDGE PARKER**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | INFORMATION |
| Plaintiff, | ) | |
| | ) | 5:20 CR 006 |
| v. | ) | CASE NO. _____ |
| | ) | Title 18, United States Code, |
| TERESA WEBER, | ) | Section 1344(2) |
| | ) | |
| Defendant. | ) | |

FILED
JAN - 7 2020
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
AKRON

General Allegations

At all times material herein to this Information:

1. Defendant TERESA WEBER was an employee of Smith Evergreen Nursery ("Evergreen").

2. Evergreen was a business that grew, sold and distributed evergreen trees to its customers. Evergreen's place of business was in Magnolia, Ohio, in the Northern District of Ohio, Eastern Division.

3. Evergreen maintained a business checking account at Magnolia Bank, account number XXXXX0338 ("Evergreen's bank account"). Magnolia Bank was a financial institution, the deposits of which were insured by the Federal Deposit Insurance Corporation.

4. Defendant was authorized to write checks from Evergreen's bank account to pay Evergreen's business expenses.

5. Defendant maintained a personal bank account at Huntington Bank, account number XXXXXXX5637 (Defendant's "personal account").

6. Defendant resided in the Northern District of Ohio, Eastern Division.

## COUNT 1
(Bank Fraud, 18 U.S.C. § 1344(2))

The United States Attorney charges:

7. The allegations set forth above in paragraphs 1-6 of the General Allegations are re-alleged herein.

8. From at least as early as October 1, 2010, through on or about April 4, 2018, in the Northern District of Ohio, Eastern Division, and elsewhere, Defendant TERESA WEBER, knowingly executed and attempted to execute a scheme and artifice to obtain moneys, funds, credits, assets, securities, and other property of Evergreen that was under the custody and control of Magnolia Bank, a financial institution as defined in Title 18, United States Code, Section 20, the deposits of which were insured by the Federal Deposit Insurance Corporation, by means of materially false and fraudulent pretenses, representations, and promises.

9. It was part of the scheme that Defendant used her position as an Evergreen employee to embezzle company funds from Evergreen's bank account in order to pay her personal expenses.

10. It was further part of the scheme that Defendant conducted financial transactions with a financial institution (1) falsely representing that she was authorized to conduct the transactions, and (2) failing to disclose the material fact that she was conducting the transactions for her personal benefit and not on behalf of Evergreen.

11. It was further part of the scheme that Defendant wrote checks to herself from Evergreen's bank account and deposited these checks into her personal account.

12. It was further part of the scheme that Defendant placed on these checks a signature in the name of Evergreen's owner, using a signature stamp, to make it appear that Evergreen's owner approved of the transactions.

13. It was further part of the scheme that Defendant concealed her fraudulent activity by manipulating Evergreen's checking ledger by writing "void" on the stubs of checks that Defendant had issued to herself, in order to make it appear that these checks had never been issued.

14. As a result of this scheme and artifice to defraud, Defendant fraudulently obtained approximately $423,000.00.

15. In execution of the scheme and artifice to defraud, on or about the dates listed below, Defendant did knowingly obtain approximately $423,000.00 of monies and funds of Evergreen under the custody and control of Magnolia Bank by causing monies to be issued on the basis of unauthorized checks, including:

   a. Writing approximately 123 checks to herself from Evergreen's bank account, as set forth below:

| Year | Approx. Number of Checks Written | Total Approx. Value of Checks |
|------|----------------------------------|-------------------------------|
| 2010 | 2 | $2,000 |
| 2011 | 11 | $39,500 |
| 2012 | 4 | $7,000 |
| 2013 | 11 | $36,500 |
| 2014 | 15 | $49,500 |
| 2015 | 17 | $65,000 |
| 2016 | 25 | $88,000 |
| 2017 | 30 | $103,500 |
| 2018 | 8 | $32,000 |

   b. Depositing checks that she wrote to herself from Evergreen's bank account into her personal bank account, including in the instances set forth below:

3

| Date Deposited | Check Number | Value of Check |
|---|---|---|
| February 26, 2013 | 17301 | $3,000 |
| March 27, 2014 | 17608 | $1,500 |
| January 30, 2015 | 17828 | $4,000 |
| January 6, 2016 | 18005 | $4,000 |
| January 9, 2017 | 18226 | $2,500 |
| January 4, 2018 | 18423 | $4,000 |

In violation of Title 18, United States Code, Section 1344(2).

JUSTIN E. HERDMAN
United States Attorney

By: *[signature]*
Michelle M. Baeppler
Attorney-in-Charge, Criminal Division
Akron Branch Office

4